United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Susan M. Poland  
       Debtor

Case No. 16-18045-jkf  
Chapter 13

## CERTIFICATE OF NOTICE

| District/off: 0313-2 | User: Randi | Page 1 of 1 | Date Rcvd: Feb 26, 2018 |
|---|---|---|---|
| | Form ID: pdf900 | Total Noticed: 1 | |

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 28, 2018.
```
db            +Susan M. Poland,    9242 B Jamison Avenue,    Philadelphia, PA 19115-4281
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                   TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 28, 2018                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 26, 2018 at the address(es) listed below:
```
              BRAD J. SADEK    on behalf of Debtor Susan M. Poland brad@sadeklaw.com,
               bradsadek@gmail.com
              CELINE P. DERKRIKORIAN    on behalf of Creditor    BAYVIEW LOAN SERVICING, LLC ecfmail@mwc-law.com
              DENISE ELIZABETH CARLON    on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com
              FREDERICK L. REIGLE    ecfmail@fredreiglech13.com,    ecf_frpa@trustee13.com
              FREDERICK L. REIGLE    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              KEVIN G. MCDONALD    on behalf of Creditor    Ditech Financial LLC KMcDonald@blankrome.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com
              POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 9
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Susan M. Poland | Debtor | CHAPTER 13 |
| Ditech Financial LLC | Movant | |
| vs. | | NO. 16-18045 JKF |
| Susan M. Poland | Debtor | |
| Frederick L. Reigle | Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$1,909.03**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | November 2017 at $524.80 month |
| | December 2017 through February 2018 at $558.81 month |
| Suspense Balance: | $292.20 |
| **Total Post-Petition Arrears** | **$1,909.03** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Beginning on March 1, 2018 and continuing August July 1, 2018, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$558.81** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$318.17 for the months of March 2018 through July 2018 and $318.18 for the month of August 2018** towards the arrearages on or before the last day of each month at the address below:

    Ditech Financial LLC
    P.O. Box 0049
    Palatine, Illinois 60055-0049

    b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and

the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

    5.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

    6.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

    7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

    8.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

    9.    The undersigned seeks court approval of this stipulation.

    10..    The parties agree that a facsimile signature shall be considered an original signature.

Date: February 6, 2018    By: /s/ Kevin G. McDonald, Esquire
    Kevin G. McDonald, Esquire
    Attorney for Movant

Date: 2/15/18
    Brad J. Sadek, Esquire
    Attorney for Debtor

Date: 2/21/18
    Frederick L. Reigle
    Chapter 13 Trustee

Approved by the Court this 24th day of February, 2018. However, the court retains discretion regarding entry of any further order.

    Bankruptcy Judge
    Jean K. Fitzsimon